<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VICTORIA KASPERSKI,<br><br>    Plaintiff,<br><br>v.<br><br>HONORABLE DAVID B. KATZ,<br>P.J.F.P.VI,<br><br>    Defendant. | Civil Action No. 22-01153 (SDW) (MAH)<br><br>**WHEREAS OPINION**<br><br>March 29, 2022 |

    **THIS MATTER** having come before this Court upon *pro se* Plaintiff Victoria Kasperski's ("Plaintiff") filing of a Complaint (D.E. 1) against the Honorable David B. Katz ("Defendant"), and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to Federal Rule of Civil Procedure ("Rule") 8(a)(2) and (3) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and

    **WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); and

    **WHEREAS** the factual allegations provided in Plaintiff's Complaint remain insufficient to support a claim entitling her to relief.  Plaintiff alleges that during a family court proceeding over which Defendant presided as judge, her federal constitutional rights were infringed in violation of 42 U.S.C. § 1983. (D.E. 1 at 3–4.) Specifically, Plaintiff accuses Defendant of making changes to her divorce agreement; not allowing her to refinance her mortgage; failing to give her

a fair hearing; ordering her to attend mediation; allowing suppression of her witnesses; "letting the opposing side lie" (repeated allegation); allowing the opposing party to say he cannot drive a Tesla; giving her three-hour timeframes for hearings but only taking an hour to hour-and-a-half for the hearings (repeated allegation); stalling her divorce on purpose; allowing the opposing party to mock and threaten her; awarding the opposing party $10,000 plus interest; and telling her that the trial will run until December of 2022.  (*Id.* at 5.)  These allegations do not support a claim entitling Plaintiff to relief.  Moreover, even if this Court were to assume the truth of Plaintiff's allegations, her Complaint must be dismissed because judges are "entitled to absolute immunity from civil suits for actions arising from his or her judicial actions."  *Reardon v. New Jersey*, No. CIV. 13-5363 NLH, 2014 WL 2921030, at *4–5 (D.N.J. June 27, 2014) (dismissing a claim against several State court judges after finding them immune from suit).  Furthermore, "[t]he immunity is absolute and cannot be overcome by allegations of bad faith or malice.  *Id.* at *5; therefore

Plaintiff's Complaint is *sua sponte* **DISMISSED WITH PREJUDICE**.  An appropriate order follows.

                                              /s/ Susan D. Wigenton
                                   **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     Michael A. Hammer, U.S.M.J.
        Parties